UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DALE ROBERT JAVINO,

                    Appellant,

        -against-

MARC A. PERGAMENT,

                    Appellee.
----------------------------------------------------------------X

**ORDER**
**14 CV 0891(SJF)**

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★    APR 3 0 2014    ★

LONG ISLAND OFFICE

FEUERSTEIN, J.,

On December 23, 2013, *pro se* appellant Dale Robert Javino ("appellant") filed in the United States Bankruptcy Court for the Eastern District of New York ("the bankruptcy court") a notice of appeal from: (1) an order of the bankruptcy court (Trust, U.S.B.J.), dated December 10, 2013, imposing additional sanctions against him in the sum of eight thousand one hundred twenty-eight dollars and twenty cents ($8,128.20) for the Trustee's reasonable attorney's fees and costs incurred in filing a Motion to Void Deed and Impose Sanctions and a Motion for Contempt and in appearing at the hearings on those motions, and the judgment of the bankruptcy court, entered December 17, 2013, upon that order; and (2) a judgment against him in the sum of five thousand dollars ($5,000.00), entered in the bankruptcy court on December 17, 2013.[1] However,

---

[1] On February 22, 2013, appellee Marc A. Pergament, the Chapter 7 Trustee ("the Trustee"), filed a motion ("Motion to Authorize/Direct") in the bankruptcy court seeking: (1) to designate appellant as the principal of the debtor corporation, American Land Acquisition Corporation ("the debtor"); (2) to compel appellant (a) to appear before the Trustee and submit to an examination under oath at the next meeting of creditors ("341(a) Meeting") and (b) to assist the Trustee in identifying and locating books, records, etc.; (3) to obtain any documents in possession of the debtor; and (4) to direct appellant to turnover to him all books, records, etc. for the five years up to and including December 31, 2012. (Bankruptcy Court Docket ["Bankr. Doc."] 32). By order dated April 1, 2013, the bankruptcy court granted the Motion to

1

appellant did not file the requisite Designation and Statement with the bankruptcy court in accordance with Rule 8006 of the Federal Rules of Bankruptcy Procedure ("the Bankruptcy

---

Authorize/Direct in its entirety. (Bankr. Doc. 54).

On April 1, 2013, the Trustee filed a motion ("Motion to Void Deed and Impose Sanctions") in the bankruptcy court seeking an order, *inter alia*, (1) directing the Suffolk County Clerk to deem a deed relating to certain real property, dated October 5, 2008 and recorded on February 22, 2013, void as filed in violation of the United States Bankruptcy Code ("the Bankruptcy Code"); and (2) imposing sanctions and attorney's fees upon appellant for his violation of the automatic bankruptcy stay. (Bankr. Doc. 52). During a hearing before the bankruptcy court on April 9, 2013, the bankruptcy court granted the Motion to Void Deed and Impose Sanctions in part and placed the balance of the motion under submission. By order dated April 10, 2013, the bankruptcy court: (1) granted the Motion to Void Deed and Impose Sanctions to the extent of directing the Suffolk County Clerk to deem a certain deed dated October 5, 2008 and recorded on February 22, 2013 of the real property known as Section 105.00, Block 02.00, Lot 140.001 void as filed in violation of the Bankruptcy Code; (2) directed appellant (a) to comply with the April 1, 2013 order of that court, including filing schedules and a Statement of Financial Affairs, by April 22, 2013, (b) to provide certain documents to the Trustee so that they were received by his office by April 22, 2013 and (c) to appear for the 341(a) Meeting on April 24, 2013; and (3) permitted appellant to file opposition to the branch of the Trustee's Motion to Void Deed and Impose Sanctions seeking to assess sanctions and attorney's fees against him by April 22, 2013. (Bankr. Doc. 58).

On May 1, 2013, the Trustee filed a motion ("Motion for Contempt") in the bankruptcy court seeking, *inter alia*: (1) to hold appellant in contempt for his willful refusal to comply with the April 1, 2013 order and his willful interference with the Trustee's administration of the bankruptcy estate; (2) to have sanctions and punitive damages imposed upon appellant; and (3) to recover his costs and attorney's fees associated with his prosecution of the Motion for Contempt from appellant. (Bankr. Doc. 65). By order dated August 5, 2013, the bankruptcy court, *inter alia*: (1) granted (a) the branches of the Motion to Void Deed and Impose Sanctions not previously addressed by it in the April 10, 2013 order and (b) the Motion for Contempt; (2) imposed upon appellant a monetary sanction in the sum of five thousand dollars ($5,000.00) "plus the Trustees reasonable attorneys fees and costs incurred in filing the Motion to Void Deed [and Impose Sanctions] and the Motion for Contempt" for his "contempt of court, including his knowing, willful, malicious and bad faith violation of the automatic stay; his willful and intentional violation of Court Orders, including failing to file complete and accurate Schedules and his willful and intentional interference with the administration of [the bankruptcy] estate," (Bankr. Doc. 132); and (3) directed the Trustee to serve and file a statement of his attorney's fees and costs within fourteen (14) days from the date of entry of that order. (Id.) Judgment was entered against appellant in the sum of five thousand dollars ($5,000.00), based upon the August 5, 2013 order, on December 17, 2013. (Bankr. Doc. 161).

2

Rules"), nor did he ever seek an extension of time to do so. Accordingly, the notice of appeal and an "Incomplete Record on Appeal" were transmitted to this Court on February 10, 2014.

On February 12, 2014, the Clerk of the Court served appellant with a "Notice of Docketing Bankruptcy Appeal" in accordance with Rule 8007(b) of the Bankruptcy Rules, advising appellant, *inter alia*, that the appeal was docketed on February 12, 2014 and that his appellate brief and appendix must be filed and served in accordance with Rule 8009 of the Bankruptcy Rules and/or the Individual Judge's Court Rules. (Doc. No. 2). Rule 8009(a)(1) of the Bankruptcy Rules provides that "[t]he appellant shall serve and file a brief within fourteen (14) days after entry of the appeal on the docket pursuant to Rule 8007." Thus, appellant was required to serve and file his brief on the appeal on or before February 26, 2014. To date, appellant has neither filed a brief on the appeal, nor sought an extension of time to do so.

On April 2, 2014, the Court issued an order to show cause: (1) directing appellant to file an affidavit with the Court on or before April 16, 2014 indicating why this appeal should not be dismissed with prejudice pursuant to Rule 8001(a) of the Bankruptcy Rules for his failure to comply with Rules 8006 and 8009(a)(1) of the Bankruptcy Rules;[2] and (2) advising appellant that his failure to file an affidavit in accordance with that order to show cause would result in this appeal being dismissed with prejudice pursuant to Rule 8001(a) of the Bankruptcy Rules without further notice. The Clerk of the Court mailed a copy of the order to show cause to appellant at his last known address on April 2, 2014. (Doc. No. 3).

---

[2] Rule 8001(a) provides, in pertinent part, that "[a]n appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court * * * deems appropriate, which may include dismissal of the appeal."

3

By order dated April 28, 2014, this appeal was *sua sponte* dismissed in its entirety with prejudice pursuant to Rule 8001(a) of the Bankruptcy Rules based upon appellant's seeming failure to comply with the April 2, 2014 order to show cause, to seek an extension of time to do so or to otherwise demonstrate excusable neglect for his failure to comply with Rules 8006 and 8009(a)(1) of the Bankruptcy Rules. The order indicated, in relevant part, that although the Trustee indicated that he had received an affidavit from appellant in response to the order to show cause, (Doc. No. 4), appellant never filed that affidavit, nor any other response to the order to show cause, with the Court. However, appellant did, in fact, file an affidavit in response to the order to show cause on April 16, 2014, but, due to an apparent clerical error, that affidavit was not docketed until April 29, 2014. Accordingly, the April 28, 2014 order of this Court is hereby vacated.

Nonetheless, in his affidavit, appellant sets forth numerous arguments regarding the purported merits of his appeal, i.e., what the bankruptcy court purportedly did wrong and why the Trustee's conduct during the bankruptcy proceeding was allegedly improper, but indicates only one possible reason for his failure to comply with Rules 8006 and 8009(a)(1) of the Bankruptcy Rules or to seek an extension of time to do so, i.e., that he has "been consumed in a [sic] another important matter, Visitation of [his] daughter * * *." (Javino Aff. at 1).

Since appellant has not demonstrated excusable neglect for his failure to comply with Rules 8006 and 8009(a)(1) of the Bankruptcy Rules, see Rule 9006(b)(1) of the Bankruptcy Rules, and for the reasons set forth in the April 2, 2014 order to show cause, this appeal is dismissed in its entirety pursuant to Rule 8001(a) of the Bankruptcy Rules. See In re Lynch, 430 F.3d 600, 605 (2d Cir. 2005) (holding that if an appellant who did not timely file the mandatory

4

Designation and Statement pursuant to Rule 8006 of the Bankruptcy Rules does not meet the conditions of Rule 9006(b)(1) of the Bankruptcy Rules, i.e., he does not demonstrate excusable neglect, his appeal cannot proceed). The Clerk of the Court shall close this case.

SO ORDERED.

                               s/ Sandra J. Feuerstein
                               _____
                               Sandra J. Feuerstein
                               United States District Judge

Dated: April 30, 2014
       Central Islip, New York